## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**STEVE DUNNING**                                   **CIVIL ACTION NO. 11-CV-1268**

**VERSUS**                                              **JUDGE HAIK**

**TAYLOR CATERING CO. ET AL**           **MAGISTRATE JUDGE HANNA**

## Report and Recommendation
### *(Doc. 93)*

Before the undersigned, on referral from the district judge, is Plaintiff's Motion for Bench Trial [Doc. 93], which is opposed by the defendants. A telephone status conference among the parties and the undersigned was convened on November 22, 2013, and the parties objecting to the motion were afforded the opportunity to present their positions, with appropriate case citations, for consideration by the court. Position statements have been received from all parties, and after review and consideration of the pleadings, the submissions of the parties, and the applicable law, it is the recommendation of the undersigned that the Motion for Bench Trial should be GRANTED.

***Facts and Procedural Background:***

On July 5, 2011, Plaintiff Steve Dunning filed a Complaint for Injury of Passenger, Guest, or Invitee [Rec. Doc. 1] He alleged that he presented a case of Admiralty and Maritime Jurisdiction, based on the factual allegations that he was a

cook in the employ of Taylor Catering Company, contracted to Hercules Drilling Co., on the vessel Hercules #157, which was used in the exploration/procuration of oil and gas in the Gulf of Mexico.  He alleged he was injured when lifting stores/groceries for the vessel due to an insufficient number of workers for the tasks assigned.  He alleged he was forced to work long hours without sufficient rest, making him susceptible to injury.  He alleged the lack of sufficient crew constituted an unseaworthy condition under general maritime law, which condition was or should have been known to Hercules and/or the masters of the vessel.  Elsewhere in the pleading, under the heading characterizing his claims for injury to a seaman under the Jones Act, Plaintiff asserted claims describing himself as "an able seaman/cook on said vessel under seaman's articles of customary form for a voyage in the Gulf of Mexico." [Doc. 1, para. 13] He elected to maintain his action "under the provisions of the Jones Act 28 USC §1331, 1333, 1337." [Doc. 1, para. 17] He further asserted claims for maintenance and cure from Hercules Drilling Co.  [Doc. 1, para. 18] A First Amending Complaint corrected the name on one defendant from Taylor Catering Co. to Taylor's International Services, Inc. [Doc. 3]

On September 13, 2011, Taylors International Services, Inc. answered the suit with a general denial and a demand for trial by jury on all issues so triable. [Doc. 5]

On September 26, 2011, an Answer was filed by Defendant Hercules Drilling Company, L.L.C., which pleading also included a prayer for trial by jury. [Doc. 8]

On April 5, 2012, Plaintiff filed a Second Amending Complaint [Doc. 18], correcting an error in the name of the vessel on which he worked and otherwise leaving the substance of his claims unchanged.  In answering the Second Amending Complaint, Defendant Taylors International Services, Inc. reiterated and reaffirmed its request for a trial by jury. [Doc. 20] Hercules Drilling Company, L.L.C. made a similar reiteration in its Answer to the Second Amending Complaint [Doc. 21], as did Taylors International Services, Inc. [Doc. 33].  Another corrective Third Amending Complaint was filed by Plaintiff on May 24, 2012, to correct the identification of the Hercules defendant as Hercules Drilling Company, LLC., without other substantive changes. [Doc. 25] In answer to that amending complaint, Hercules again prayed for a trial by jury on all issues. [Doc. 26]

On March 12, 2013, Plaintiff filed a Fourth Amending Complaint, adding as a defendant Applied Drilling Technology, Inc.[Doc. 46] Except for that addition, the substance of the prior pleadings remained the same.  In answer to the pleading, Taylors International Services, Inc. reiterated and reaffirmed all answers and defenses and its request for a trial by jury. [Doc. 49] Defendant Hercules did the same. [Doc.

50] The new defendant Applied Drilling Technology, Inc. filed its answer on June 28, 2013, including the prayer for a trial by jury. [Doc. 62]

On July 2, 2013, Plaintiff filed the Fifth Amending Complaint "to more exactly frame the issues and clarify the original complaint and reflect other pleadings." [Doc. 67] In that pleading, Plaintiff identified himself as "a Jones Act seaman" "or invitee" aboard the Hercules #257, which was an unseaworthy vessel. No other substantive changes appear in the pleading.  In answer to the Fifth Amending Complaint, the defendants Hercules, Applied Technology, and Taylors International repeated their prayers for a trial by jury. [Docs. 71, 72, 74]

On these pleadings, the captioned matter has been set for trial by jury on May 20, 2013 [Doc. 30], July 22, 2013 [Doc. 37], and April 7, 2014 [Doc. 55].

On November 8, 2013, Plaintiff filed a Motion for Amendment of Pleadings, seeking to have the jury trial scheduled for April 7, 2014 converted to a bench trial. [Doc. 88] The defendants objected.  On November 12, 2013, Plaintiff filed a Motion for Leave to File a Sixth Amending Complaint to add a claim for punitive damages against each defendant. [Doc. 90] A second Motion for Bench Trial was filed November 13, 2013. [Doc. 93] The court has not yet ruled on the pending motion to file a sixth amending complaint.  The proposed pleading declares that  "Plaintiff elects to maintain this action under the provisions of the Jones Act 46 USC and 28

USC §1331, 1333, 1337." [Doc. 92, para. 10,32] For the first time, Plaintiff claims

entitlement to a bench trial and declares his wish to waive the jury trial. [Doc. 92,

para. 21,47] There does not appear in any plaintiff-filed pleading any specific Rule

9(h) designation/declaration.

***Applicable Law and Discussion:***

When a plaintiff's claim is cognizable under admiralty jurisdiction and some

other basis of federal jurisdiction, the Federal Rules of Civil Procedure allow the

plaintiff to expressly designate his/her claim as being in admiralty.  Rule 9(h)

provides that "[i]f a claim for relief is within the admiralty or maritime jurisdiction

and also within the court's subject-matter jurisdiction on some other ground, the

pleading may designate the claim as an admiralty or maritime claim for purposes of

Rule ... 38(e)," which allows for bench trials in maritime cases.  See Fed. R. Civ. P.

38(e)[1].  In such a case, "the election made available to the pleader pursuant to Rule

9(h) is dispositive."  See *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577

F.2d 968, 986(5th Cir. 1978).  There is no right to a jury trial where the complaint

contains a statement identifying the claim as an admiralty or maritime claim, even

---

[1]Rule 38 provides the procedural rules governing the right to trial by jury as declared by the Seventh Amendment, and it specifically excepts admiralty and maritime claims from its scope to the extent that Rule 38(e) declares the rules "do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 38.

though other grounds for federal jurisdiction also exist.  *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.,* 702 F.2d 585, 587 (5th Cir. 1983).  The undersigned finds that the pleadings filed by Plaintiff and discussed above contain statements by Plaintiff identifying his claims as admiralty or maritime claims.  The defendants do not dispute this.

At issue in the instant case is the question whether Plaintiff has made the Rule 9(h) election within the pleadings.  Defendants assert that the allegations of the pleadings filed to date are not sufficient to serve as a proper Rule 9(h) designation. Plaintiff responds that it is clear from the pleadings that he has alleged his status as a seaman and made other specific and sufficient references to his seaman status, vessel seaworthiness  and claims for maintenance and cure, all of which entitle him to the Rule 9(h) election.

In each of the complaint iterations filed to date, Plaintiff has referenced his election to maintain actions under the Jones Act, federal question jurisdiction, admiralty jurisdiction, and antitrust law–multiple grounds for federal jurisdiction. Although Rule 9(h) appears to require an affirmative statement from the plaintiff to invoke the admiralty rules for claims cognizable under admiralty and some other basis of jurisdiction, the Fifth Circuit has held that the mere assertion of admiralty jurisdiction as a dual or an alternate basis of subject matter jurisdiction for a claim is

sufficient to make a Rule 9(h) election to proceed in admiralty for that claim.  In

*T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.,* 702 F.2d 585,

587-588 (5th Cir. 1983), the court held that by the "simple statement asserting

admiralty or maritime claims" the plaintiff had elected to proceed under admiralty

jurisdiction and procedures even without an explicit reference to Rule 9(h).  *See also*

*Gilmore v. Waterman Steamship Corp.*, 790 F.2d 1244, 1246 (5th Cir. 1986) (If a

party asserts both admiralty and diversity jurisdiction, the court will treat the claim

as though a Rule 9(h) declaration has been made.);  *Durden v. Exxon Corp*, 803 F.2d

845, 849 n. 10 (5th Cir. 1986) (Plaintiff's allegation of admiralty as an alternative

basis of jurisdiction was sufficient to make a Rule 9(h) election.).  More recently, in

*Luera v. M/V Alberta*, 635 F. 3d 181(5th Cir. 2011), the Fifth Circuit again explained

that

> [I]n this circuit a plaintiff who asserts admiralty jurisdiction as a basis
> for the court's subject matter jurisdiction over a claim has automatically
> elected under Rule 9(h) to proceed under the admiralty rules, even if she
> states that her claim is also cognizable under diversity or some other
> basis of federal subject matter jurisdiction.

Id at 189; *cited in Apache Corp. v. Global Santa Fe Drilling Co.*, 435 Fed. Appx. 322

(5th Cir. 2011).

    In  *Hamm  v. Island Operating Co., Inc.*, 450 Fed. Appx. 365, 369 (5th Cir.

2011), it was undisputed that the plaintiff had made his Rule 9(h) election in the

pleadings.  Therefore, per the Court, the defendants had no right to a jury trial even if the district court properly concluded that it had both maritime jurisdiction and jurisdiction under OCSLA.  The defendants in the instant case argue that *Hamm* is not dispositive, since Plaintiff has not properly made the Rule 9(h) election in the pleadings, while all defendants, through multiple pleadings, made clear prayers for a trial by jury.  The argument is unpersuasive.

In situations where it is not clear whether a party has made a Rule 9(h) declaration in the pleadings, the court examines the totality of the circumstances, as demonstrated by the party's pleadings and actions, to determine whether a sufficient Rule 9(h) election has been made. *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989).  Applying the jurisprudential rule articulated in *T.N.T. Marine* and other, more recent cases discussed above, it is the finding of the undersigned that Plaintiff has sufficiently asserted admiralty/maritime jurisdiction as a basis for the court's subject matter jurisdiction over his claims, and he has, therefore, automatically elected under Rule 9(h) to proceed under the admiralty rules.  Thus, the claims should be tried without a jury and the motion should be granted.

### *Recommendation*

For the reasons articulated above, it is the recommendation of the undersigned that Plaintiff's Motion for Bench Trial [Doc. 93] be GRANTED.

-8-

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 6th day of January, 2014

_____

Patrick J. Hanna
United States Magistrate Judge